UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**International Alliance of Theatrical Stage Employees and Moving Picture Technicians, Artists and Allied Crafts of the United States and Canada, Local 835,**

    **Plaintiff,**

vs.

Case No.: 6:23-cv-1308

**Global Experience Specialists, Inc.,**

    **Defendant.**

_____/

## COMPLAINT TO COMPEL ARBITRATION

Comes now Plaintiff, by and through undersigned counsel, and files this complaint to compel arbitration, and would further show:

1. This is an action to compel arbitration. The court has jurisdiction over this matter pursuant to § 301 of the Labor Management Relations Act, 42 U.S.C. § 29.

2. Plaintiff, International Alliance of Theatrical Stage Employees and Moving Picture Technicians, Artists and Allied Crafts of the United States and Canada, Local 835 (the "Union"), is a labor organization in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

3. Defendant, Global Experience Specialists, Inc. (the "Company"), is a corporation doing business in Orange County, Florida, and is an employer within the meaning of §2 of the National Labor Relations Act, 29 U.S.C. § 152 (2) of the National Labor Relations Act. The Union

and the Company are collectively referred to herein as the "Parties."

4. The Parties are bound to a collective bargaining agreement (the "CBA") effective from October 1, 2018 through October 4, 2023, a copy of which is attached hereto and incorporated herein by reference as Exhibit "A."

5. Article 8 and 9 of the CBA establishes a grievance-arbitration procedure for the adjustment of disputes or differences of opinion between the parties concerning the application, interpretation, or alleged violation of any provision of the CBA. The grievance procedure culminates in binding arbitration.

6. Pursuant to the grievance procedure, on July 22, 2022, the Union filed a grievance contending that the Company violated *inter alia, Articles 1, 2, 2.01, 11 and 16* of the agreement. A copy of said grievance is attached hereto and incorporated herein by reference as Exhibit "B." (the "Grievance").

7. The Grievance sets forth an arbitrable dispute withing the meaning of the CBA.

8. Although the instant dispute is clearly subject to the parties' grievance-arbitration machinery established by Article 8 and 9 of the CBA, the Company since June 5, 2023 and again on June 8, 2023, has failed and refused to arbitrate the dispute pursuant to the requirements of the contract, despite demands that it do so. A copy of said refusal is attached hereto and incorporated herein as Composite Exhibit "C."

9. The Union has met all conditions precedent to filing this lawsuit, including all all prerequisites set forth in Articles 8 and 9 of the CBA.

WHEREFORE, the Union prays that this Court enter judgment for the Plaintiff compelling the Company to arbitrate this dispute, pay reasonable costs and attorney's fees to the Union, and provide such other relief as it deems just.

Dated this 13th day of July, 2023.

                Respectfully submitted,

                */s/ Richard Siwica*
                **RICHARD SIWICA**
                FL Bar No. 377341
                EGAN, LEV, & SIWICA, P.A.
                Post Office Box 2231
                Orlando, Florida 32802
                Phone: (407) 422-1400
                Fax:    (407) 422-3658
                rsiwica@eganlev.com
                dvaughan@eganlev.com

                *Attorney for Plaintiff*